IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 5:14-CV-00106-MOC-DSC

| | |
|---|---|
| WHITNEY NICOLE SHAFFER,<br>        Plaintiff,<br><br>      v.<br><br>JAMES C. GAITHER, JR.,<br>Individually and in his official capacity<br>as District Attorney of the 25th<br>Prosecutorial District of North Carolina,<br>        Defendant. | AMENDED MEMORANDUM<br>OF LAW IN SUPPORT OF<br>MOTION TO DISMISS FILED<br>ON BEHALF OF DEFENDANT<br>GAITHER IN HIS<br>OFFICIAL CAPACITY |

NOW COMES Defendant James C. Gaither, Jr., in his official capacity only, by and through Roy Cooper, North Carolina Attorney General, Grady L. Balentine, Jr., Special Deputy Attorney General, and Kathryn H. Shields, Assistant Attorney General, and hereby withdraws his original memorandum of law [DE 18] and submits this amended memorandum of law in support of his motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on Defendant Gaither's alleged violations of Title VII of the Civil Rights Act of 1964 on or about October 25, 2013. Prior to the EEOC completing their investigation, the plaintiff requested that the EEOC issue her a Right to Sue letter. On or about April 25, 2014, the plaintiff received a Right to Sue letter from the United States Department of Justice.

On June 26, 2014, the plaintiff commenced this action against Defendant Gaither in both his individual and official capacities alleging discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 and claims against Defendant Gaither in his individual capacity for alleged violations of her civil rights pursuant to 42 U.S.C. § 1983 and state law claims for defamation and defamation *per se*. As for the claims against Defendant Gaither in his official capacity pursuant to Title VII, the plaintiff specifically asserts claims for discrimination based on sexual harassment/hostile work environment, sexual harassment/quid pro quo, and constructive discharge.

Defendant Gaither is the duly elected District Attorney for the 25th Prosecutorial District of North Carolina. As the District Attorney, Defendant Gaither is a state constitutional officer of North Carolina's judicial department. N.C. Const. art. IV, Sec. 18; N.C. Gen. Stat. § 7A-60 (2013). The District Attorney has a staff of Assistant District Attorneys who are appointed by the District Attorney, serve at the pleasure of the District Attorney, take the same oath of office as the District Attorney, and perform such duties as may be assigned to them by the District Attorney. N.C. Gen. Stat. § 7A-63 (2013).

## STATEMENT OF FACTS

The plaintiff was employed as an Assistant District Attorney (ADA) with the District Attorney for the 25th Prosecutorial District of North Carolina. As an ADA, the plaintiff was a state employee of the Judicial Department of the State of North Carolina.

Employees of the Judicial Department are not subject to the provisions of the State

Personnel Act, with the exception of Articles 6 and 7 of the Act.  N.C. Gen. Stat. § 126-5(c1) (2013).  Statutes protecting the rights of state employees to be free from sexual harassment in the workplace are codified at Article 6 of Chapter 126.  Judicial Department employees are afforded these protections.  *Id*.  But Judicial Department employees are not provided protections that other state employees are afforded in the State Personnel Act such as appeals of grievances and disciplinary actions found in Article 8 of Chapter 126 and hiring and salary procedures set forth in Article 2 of Chapter 126.

The North Carolina Administrative Office of the Courts (AOC) is an office within the Judicial Department that provides administrative support for the various offices and hiring authorities within the Judicial Department.  N.C. Gen. Stat. § 7A-340, *et seq*. (2013).  AOC provides human resources support to the various hiring authorities within the Judicial Department. *Id.*

As the duly elected District Attorney for the 25th Prosecutorial District, Defendant Gaither is the hiring authority for the District Attorney's Office for the 25th Prosecutorial District.  As such, Defendant Gaither appointed the plaintiff to her position as an ADA on February 1, 2014.  As one of District Attorney Gaither's ADA's, the plaintiff reported directly to Defendant Gaither and he oversaw all aspects of the terms of the plaintiff's employment including her employment terms, her work hours, her work location, and her work duties.  This included assigning the plaintiff to work in district court and placing her office in a satellite office in Hickory.

The plaintiff alleges that beginning in April 2013, Defendant Gaither began to text

3

Case 5:14-cv-00106-MOC-DSC   Document 21   Filed 08/22/14   Page 3 of 13

message her about items not related to the business of the 25th Prosecutorial District. (*See* Exhibit A to Complaint) The text messages in Exhibit A[1] reflect a series of messages and conversations between the plaintiff and defendant from April 27, 2013, to May 4, 2013, that do not relate to the business of the Office of the District Attorney for the 25th Prosecutorial District.

On May 5, 2013, the plaintiff texted Defendant Gaither to inform him that she was resigning immediately her position as an ADA, that her resignation letter was on her desk, that she did not intend "to make a public issue of my concerns so any concerns about the election or your family should not be an issue," and that "It would be better to avoid contacting me again." (*See* Exhibit A – Text on May 5 at 8:33 p.m.). To which Defendant Gaither replies curtly "Understood." (*See* Exhibit A – Text on May 5 at 8:42 p.m.).

## LAW AND ARGUMENT

I. THE PLAINTIFF FAILED TO STATE A CLAIM AGAINST DEFENDANT GAITHER IN HIS OFFICIAL CAPACITY.

In this action, the plaintiff brings claims against Defendant Gaither in his individual capacity and in his official capacity as the District Attorney for the 25th Prosecutorial District for sexual harassment/hostile work environment, sexual harassment/quid pro quo, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964. Separately, the plaintiff brings claims against Defendant Gaither in his individual capacity only for violations of her civil rights under 42 U.S.C. § 1983 and

---

[1] The undersigned counsel does not at this point disagree with the providence of the text messages attached to the Complaint as Exhibit A.

state law claims for defamation and defamation *per se*. In bringing claims under Title VII against Defendant Gaither in his individual capacity, the plaintiff acknowledges that he acted outside the course and scope of his position as the duly elected District Attorney for the 25th Prosecutorial District. The facts the plaintiff puts forth in support of such claims clearly reflect her knowledge that Defendant Gaither acted in his individual capacity only, yet these same facts are also supposed to support claims against Defendant Gaither in his official capacity, and they do not. Thus, the plaintiff's claims against Defendant Gaither in his official capacity must be dismissed as the facts and allegations in the complaint only concern willful and intentional conduct on the part of the defendant that is wholly outside the course and scope of his official duties as the District Attorney for the 25th Prosecutorial District.

An action against a public official in their official capacity is "an action against an entity of which an officer is an agent" and is in essence a "suit[] against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A claim against Defendant Gaither in his official capacity is a claim against the District Attorney for the 25th Prosecutorial District and the entity employing him. *See Nivens v. Gilchrist,* 444 F.3d 237, 249 (4th Cir. 2006). And any recovery awarded from an official capacity claim against a state employee would be paid from the state treasury. *Id.; See also* N.C. Gen. Stat. § 143-300.6 (2013). In contrast, an action against a public official in his individual capacity seeks to impose personal liability upon the state official and the plaintiff can recover from the official's personal assets. *Graham*, 473 U.S. at 165-66.

5

The actions described in the complaint concern intentional and willful actions performed by Defendant Gaither in his individual capacity only to fulfill his personal needs and do not relate to his official duties as a duly elected district attorney and state constitutional officer. In North Carolina, the district attorney is charged with advising the officers of justice in his district, is responsible for the prosecution on behalf of the State of all criminal matters in the District and Superior Court of his district, perform duties related to appeal as the Attorney General may require, and performs other duties as prescribed by the General Assembly. *State v. Smith*, 359 N.C. 199, 225, 607 S.E.2d 607, 625 (2005). As the allegations relate only to intentional and willful actions on the part of Defendant Gaither taken in his individual capacity, and do not relate to his official duties as the duly elected District Attorney for the 25th Prosecutorial District, the plaintiff's complaint against Defendant Gaither in his official capacity should be dismissed.

II. THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

a. Standard of Review

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d

175, 180 (4th Cir. 2000). However, while the court "must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts." *Id*; *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "[A] Rule 12(b)(6) motion should only be granted if, after accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

  b. Plaintiff Is Not An Employee Subject To The Protections of Title VII of The Civil Rights Act of 1964.

The plaintiff's claims for sexual harassment/hostile work environment, sexual harassment/quid pro quo, and for constructive discharge in violation of Title VII of the Civil Rights Act of 1964 against Defendant Gaither in his official capacity must be dismissed as the plaintiff, as an Assistant District Attorney, was a member of District Attorney Gaither's personal staff, and as such, was not an employee within the meaning of Title VII.

To find relief under Title VII, the plaintiff must be an employee within the meaning of Title VII. Title VII defines employee as "an individual employed by an employer, except that the term employee shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff . . . ." 42 U.S.C.

7

2000e(f) (2014). The plaintiff's status as an employee under Title VII is a question of federal law, rather than of state law, and the plaintiff's status is to be determined through consideration of Title VII"s statutory language, legislative history, and the particular circumstances of the case at hand. *Curl v. Reavis*, 740 F.2d 1323, 1327 (4th Cir. 1984). "State law is only relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired." *Id.*

The Fourth Circuit has discussed the personal staff exception in the context of a sheriffs' department but it has not analyzed it in the context of a district attorney's office. The Fourth Circuit first looked at the issue in *Curl v. Reavis*, 740 F.2d 1323 (1984) in which a sheriffs' deputy brought an action against the elected Sheriff for sex discrimination under Title VII and opined that the personal staff exception is to be construed narrowly and should only be applied to those employees who are in highly intimate and sensitive positions of responsibility on the staff of the elected official. *Id.*, at 1328. In reaching its determination as to whether the deputy was to be treated as a member of the Sheriff's personal staff, the Court stated that the "nature and circumstances of her role" in the Sheriffs' Department must be considered. *Id.* The court ultimately concluded that this deputy was not a member of the Sheriffs' personal staff because there is no evidence that her working relationship with the Sheriff was highly intimate and sensitive, the deputy was not under his personal direction, she did not bring her promotion requests to his attention, her salary was paid by the county pursuant to state law, she did not occupy a high position within the chain of command, and her duties were primarily clerical and secretarial. *Id.*

8

The Court also looked at the personal staff exception in the context of another sheriffs' department in *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), and it enumerated a number of factors to consider when determining whether or not a sheriffs' deputy was a member of the sheriffs' personal staff. They include the following: 1) is promotion of the employee solely up to the official; 2) does the employee occupy a position high in the chain of command; 3) does the employee have a highly intimate working relationship with the elected official; 4) does the employee contribute to the making of policy decisions within the office; 5) whether the employee's position was created and compensated by the county pursuant to state law; 6) what are the full scope of the employee's job duties; 7) did the employee work for the elected official's campaign; and 8) did the employee work under the direction of the official or someone else in the office. *Id.* at 1323. However, in analyzing the employee's position in *Cromer* utilizing the factors, the Court stated that "the factors are not intended to be rigid list," but instead are intended to provide guidance while examining the employee's role and whether "the employee worked in an intimate and sensitive position of trust, close to the elected official." *Id.*

Thus, in the Fourth Circuit it appears that the employee's status under Title VII turns on whether or not the employee's role requires them to work in an intimate and sensitive position of trust, close to the elected official with the factors serving as guidance in analyzing the individual's role. In this case, using the courts guidance in *Curl* and *Cromer*, the plaintiff, as an ADA, was a member of Defendant Gaither's personal staff as the elected District Attorney for the 25th Prosecutorial District, as her role required her to

9

work in an intimate and sensitive position of trust, close to him.

Defendant Gaither alone had the authority to appoint the plaintiff to her position as an Assistant District Attorney in his office on February 1, 2013, and as an ADA, she served at the pleasure of the elected district attorney. N.C. Gen. Stat. § 7A-63; *See* Complaint ¶ 8. The plaintiff reported directly to Defendant Gaither. *See* Complaint ¶ 8. Defendant Gaither controlled all aspects of the plaintiff's employment including her employment terms, work location, work assignments, schedule, and tenure. *See* Complaint ¶ 9. Defendant Gaither assigned the plaintiff to work in Catawba County District Court in Newton and assigned her to a satellite office in the district courthouse in Hickory. *See* Complaint ¶ ¶ 10, 11. Defendant Gaither directed the plaintiff to enter dismissals on cases that she was not assigned to on his behalf. *See* Complaint ¶ 18. Defendant Gaither dropped by the plaintiff's office once or twice a week and he had her personal cell phone number so that he could easily reach her for work related issues. *See* Complaint ¶ 19. It's clear, after considering the plaintiff's role as an ADA in District Attorney Gaither's office, that she was a member of Defendant Gaither's personal staff because she worked in an intimate and sensitive position of trust to him.

While the Fourth Circuit has not yet extended the personal staff exception to Assistant District Attorneys, courts in other circuits have applied the personal staff exception to Assistant District Attorneys. In *Teneyuca v. Bexar County*, 767 F.2d 148 (1985), the Fifth Circuit Court of Appeals affirmed the finding of the district court that an Assistant District Attorney is the personal staff of the county district attorney and is not

10

Case 5:14-cv-00106-MOC-DSC   Document 21   Filed 08/22/14   Page 10 of 13

an employee within the meaning of Title VII for purposes of a claim alleging sex discrimination. In *Teneyuca*, the court also discussed factors other circuits, including the Fourth Circuit, have found useful in determining if an employee falls within the personal staff exception to Title VII's definition of employee. *Teneyuca*, 767 F.2d at 151-152. Notably, the factors the court considered in *Teneyuca* are very similar to those enumerated by the Fourth Circuit in *Cromer* but also includes whether the person represents the elected official in the eyes of the public. *Id.,* at 152.

Likewise, in *Ramirez v. San Mateo County Dist. Attorney's Office*, 629 F.2d 509, (1981), the Ninth Circuit affirmed the decision of the district court who dismissed the plaintiff's claim for discrimination under Title VII after determining that a deputy district attorney was a member of the elected district attorney's personal staff and was therefore exempt from Title VII protections. *Ramirez*, 639 F.2d at 513. Instrumental to the court's holding, was that a deputy district attorney serves at the pleasure of the elected district attorney who has plenary power of appointment and removal. *Id.* And deputy district attorneys are not subject to the protections of the county's civil service system which is important since it highlights the relationship between a deputy and the elected district attorney which is that the deputy performs to the personal satisfaction of the elected district attorney rather to generalized standards afforded to other county workers. *Id.* The court concluded that when a position includes a high level of personal accountability to one elected official it is the type of position that Congress envisioned to be within the "personal staff" exemption of Title VII. *Id.* Therefore, following the reasoning of the courts in the Fifth and Ninth Circuits, the plaintiff's claims against

11

Defendant Gaither brought under Title VII are subject to dismissal because as an Assistant District Attorney the plaintiff was a member of Defendant Gaither's personal staff.

## CONCLUSION

For the foregoing reasons, the plaintiff's claims against Defendant Gaither in his official capacity only for alleged discrimination based on her sex in violation of Title VII of the Civil Rights Act of 1964 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 22th day of August, 2014.

ROY COOPER
Attorney General


/s/ Grady L. Balentine, Jr.
Special Deputy Attorney General
N.C. State Bar No. 19541
Email: gbalentine@ncdoj.gov


/s/ Kathryn H. Shields
Assistant Attorney General
N.C. State Bar No. 43200
Email: kshields@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: 919-716-6800
Facsimile: 919-716-6755
*Attorneys for Defendant Gaither in his official capacity only.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANT GAITHER IN HIS OFFICIAL CAPACITY** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties of record registered with CM/ECF:

John Robert Brickley
jbrickley@jmdlaw.com
John Alexander Heroy
aheroy@jmdlaw.com
Kristen Elizabeth Finlon
kfinlon@jmdlaw.com
John Robert Buric
jburic@jmdlaw.com
Counselors for the Plaintiff

Natalie Renee Hughes
rhughes@essexrichards.com
Natalie Dawn Potter
npotter@essexrichards.com
Counselors for the Defendant in his individual capacity

This the 22th day of August, 2014.

/s/ Kathryn H. Shields
Assistant Attorney General