IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-106-MOC-DSC

WHITNEY NICOLE SHAFFER,     )
    )
    **Plaintiff,**    )
    )
**v.**    )
    )
**JAMES C. GAITHER, Jr., individually**    )
**and in his official capacity as District**    )
**Attorney of the 25th Prosecutorial**    )
**District of North Carolina,**    )
    )
    **Defendant.**

---

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Amended Complaint" (document #33) (official capacity) and "Motion to Dismiss in Part Plaintiff's Amended Complaint" (document #42) (individual capacity), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's employment as an Assistant District Attorney in the Twenty-Fifth Prosecutorial District of North Carolina, where Defendant served as the elected

District Attorney. Plaintiff alleges that Defendant subjected her to sexual harassment, ultimately causing her to resign her position.

Plaintiff further alleges that Defendant made defamatory statements about her to members of the legal community and the public following her resignation. These statements included that Plaintiff was an unreliable employee, that Defendant fired her because she was having an affair with a married attorney, that she was "caught in bed" with an attorney by the attorney's wife, and that Plaintiff made false statements in the administrative charge she filed with the Equal Employment Opportunity Commission. Plaintiff alleges that these defamatory statements were carried by the Charlotte Observer, WBTV, WSOC-TV, the Hickory Daily Record, the News-Topic in Lenoir, and the News Herald in Morganton during 2014 on dates including but not limited to June 26, 27 and 29 and July 12 and 13.

On June 26, 2014, Plaintiff filed her Complaint which as amended states claims against Defendant in his official capacity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and in his individual capacity under 42 U.S.C. § 1983 as well as a state law claim for defamation per se.

On October 21, 2014, Defendant filed his "Motion to Dismiss Amended Complaint" (document #33) as to Plaintiff's official capacity claims. Defendant asserts that Plaintiff was a member of his "personal staff" and not an "employee" under Title VII.

On December 12, 2014, Defendant filed his "Motion to Dismiss in Part Plaintiff's Amended Complaint" (document #42) as to her claim for defamation brought against him in his individual capacity. Defendant argues that the Amended Complaint does not allege the time, place, and content of Defendant's statements with sufficient specificity.

Defendants' Motions are ripe for determination.

# II. <u>DISCUSSION</u>

## A. <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief.  Id. at 679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief  "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id..  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).  In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible.  Id.

**B.  Motion to Dismiss Title VII Claims**

To state a claim under Title VII, Plaintiff must be an "employee" within the meaning of the statute.  Curl v. Reavis, 740 F.2d 1323, 1327 n.2 (4th Cir. 1984) (recognizing that status as an employee or applicant for employment is an element of a substantive Title VII claim). Title VII defines employee as "an individual employed by an employer, except that the term employee shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff . . . ." 42 U.S.C. 2000e(f) (2014). Plaintiff's status as an employee under Title VII is a question of federal law to be determined by Title VII"s statutory language, legislative history, and the particular circumstances of the case.  Curl, 740 F.2d at 1327.

The Fourth Circuit Court has considered the personal staff exception to Title VII employment in the context of a deputy sheriff. Curl, 740 F.2d at 1323 (considering "nature and circumstances of her role," deputy was not a member of Sheriffs' personal staff because there

was no evidence that her working relationship with Sheriff was highly intimate and sensitive, and she was not under his personal direction, among other factors).  Application of the personal staff exception to Title VII employment involves a "detailed factual inquiry."  Curl, 740 F.2d at 1323 (citing Owens v. Rush, 654 F.2d 1370, 1375 (10th Cir. 1981); see also Nichols v. Hurley, 921 F.2d 1101, 1115-17 (10th Cir. 1990) (noting that several circuits have "emphasized the intensely factual nature of the inquiry as to whether a plaintiff falls within the personal staff exemption," and collecting cases).

The Court identified a non-exclusive list of factors to consider, including whether: (1) promotion of the employee is solely up to the official;  (2) the employee occupies a position high in the chain of command; (3) the employee has a highly intimate working relationship with the elected official; (4) the employee contributes to the making of policy decisions within the office; (5) the employee's position was created and compensated by the county pursuant to state law; (6) the employee worked for the elected official's campaign;  (7) the employee worked under the direction of the official or someone else in the office, as well as  (8) the full scope of the employee's duties.  Cromer v. Brown, 88 F.3d 1315, 1323 (4th Cir. 1996).  The Court reiterated that these factors "are not intended to round out a rigid list" but rather provide guidance as to whether "the employee worked in an intimate and sensitive position of trust, close to the elected official." Id.

Applying these legal principles to the record, the undersigned concludes that the appropriate detailed factual inquiry cannot be conducted at this stage of the proceedings. Indeed, the majority of cases Defendant cites considered this issue at summary judgment. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss

Plaintiff's Title VII claims against Defendant in his official capacity be <u>denied</u> without prejudice to being renewed following completion of discovery.

### C. <u>Motion to Dismiss Defamation Claim</u>

To state a claim for defamation under North Carolina law, "a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." <u>Boyce & Isley v. Cooper</u>, 153 N.C. App. 25, 29, 568 S.E.2d 893, 897 (2002). "The term defamation includes two distinct torts, libel and slander. In general, libel is written while slander is oral." <u>Iadanza v. Harper</u>, 169 N.C. App. 776, 781, 611 S.E.2d 217, 222 (2005) (citation omitted). If a defendant speaks defamatory words, intends that those words be reduced to writing, and the words are in fact reduced to writing, then the publication constitutes both slander and libel. <u>Boyce & Isley</u>, 153 N.C. App. at 29-30, 568 S.E.2d at 898.

Plaintiff alleges defamation <u>per se</u>. "Libel per se is a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." <u>Id.</u> (citation and quotations omitted). "Slander per se is an oral communication to a third party which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." <u>Id.</u>

In a claim for defamation <u>per se</u>, damages and malice are presumed when a plaintiff proves publication. A plaintiff need not show any further evidence of damages. <u>Boyce & Isley</u> at 30, 568 S.E.2d at 898; <u>see also</u> <u>Cohen v. McLawhorn</u>, 704 S.E.2d 519, 527 (N.C. Ct. App. 2010)

("The mere saying or writing of the words is presumed to cause injury to the subject; there is no need to prove any actual injury.")

The Fourth Circuit has concluded that a heightened pleading standard is not required in defamation cases. See, e.g., Moore v. Cox, 341 F. Supp. 2d 570, 575 (M.D.N.C. 2004) (citing Wuchenich v. Shenandoah Mem. Hosp., 215 F.3d 1324 (4th Cir. 2000)); Araya v. Deep Dive Media, LLC, 966 F. Supp. 2d 582, 588 (W.D.N.C. 2013).

The "Federal Rules of Civil Procedure do not prescribe a special pleading standard for libel or slander cases." Eli Research Inc. v. United Communs. Grp., LLC, 312 F. Supp. 2d 748, 762 (M.D.N.C. 2004). "[T]he Fourth Circuit has joined with a growing number of courts in concluding that since the Federal Rules do not mandate a heightened pleading standard for defamation cases, the liberal pleading requirement of Rule 8(a) requiring only a short and plain statement showing the pleader is entitled to relief applies." Moore v. Cox, 341 F. Supp. 2d 570, 575 (M.D.N.C. 2004). Rule 8(a) simply requires "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), in order to provide the defendant with notice of the claim and the general facts that support it. Moore, 341 F. Supp. 2d at 575. Thus for a defamation claim, Rule 8, "along with the universally accepted and mandatory authorities of Twombly and Iqbal, adequately and accurately set forth the standard of review to be applied to the sufficiency of Plaintiff's complaint for the purposes of a 12(b)(6) motion to dismiss." Araya, 966 F. Supp. 2d at 588.

Plaintiff has pled sufficient facts to survive the Motion to Dismiss her defamation claim. Taking the allegations as true, Defendant knowingly made false statements that impeached Plaintiff's professional and personal reputation and caused those statements to be published in the news media during June and July 2014. The undersigned respectfully recommends that Defendant's Motion to Dismiss the defamation claim be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Amended Complaint" (document #33) and "Motion to Dismiss in Part Plaintiff's Amended Complaint" (document #42) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 4, 2015

David S. Cayer
United States Magistrate Judge