UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00106-MOC-DSC

| | | |
|---|---|---|
| **WHITNEY NICOLE SHAFFER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JAMES C. GAITHER JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and plaintiff has timely filed a Reply, as provided in Rule 72, Federal Rules of Civil Procedure.

I.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory

1

objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

II.

This action concerns claims arising from plaintiff's employment as an Assistant District Attorney ("ADA") in the Twenty-Fifth Judicial District, which are asserted against her former employer, who was the District Attorney. In her Amended Complaint, plaintiff has asserted the following claims: (1) an official capacity claim for sexual harassment/hostile work environment under Title VII; (2) an official capacity claim for sexual harassment/*quid pro quo* under Title VII; (3) an official capacity claim for constructive discharge under Title VII; (4) an individual capacity claim for violation of the Equal Protection Clause of the Fourteenth Amendment under Section 1983; and (5) a supplemental state-law claim for defamation *per se*. Defendant has filed two separate motions to dismiss against her former employer, who served as the elected District Attorney of the 25th Judicial District.

Defendant has filed separate motions to dismiss, first in his official capacity and then in his individual capacity. In the first Motion to Dismiss (#33), defendant moves in his official capacity to dismiss plaintiff's Title VII claims, contending that plaintiff was not an "employer" under Title VII because she was part of his "personal staff." In his

second Motion to Dismiss (#42), defendant moves in his individual capacity to dismiss plaintiff's defamation *per se* claim, asserting that the Amended Complaint fails to sufficiently apprise him of the time, place, and content of the allegedly defamatory statements.

After those motions were fully briefed, Honorable David S. Cayer, United States Magistrate Judge, considered defendant's motions and recommended that such motions be denied. As to the motion to dismiss the Title VII claims, Judge Cayer determined that detailed factual inquiry, inappropriate before discovery and on a motion to dismiss, was required to determine whether plaintiff was on defendant's "personal staff." As to the motion to dismiss the defamation *per se* claim, Judge Cayer determine that there is no heightened pleading standard for defamation claims and that plaintiff had pled sufficient facts to survive Rule 12(b)(6) review.

Defendant in his official capacity timely objected to the recommendation, which concerns the Title VII claims. Defendant in his individual capacity has interposed no objection to the recommended disposition of his motion, which concerns the defamation claim.

II.

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Id.</u> at 563. The Court specifically rejected use of the "no set of facts" standard

because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where

4

a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a complainant is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

### III.

The court has considered defendant's official-capacity objection to Judge Cayer's recommended disposition of the Motion to Dismiss the Title VII claims.

First, defendant argues that "without citing to any legal authority, [the M&R]

merely notes that most cases perform this inquiry at the summary judgment stage and concludes that the inquiry cannot be performed at his stage ….." Objection (#49) at 2. This is not completely correct as Judge Cayer specifically held that "the majority of cases Defendant cites considered this issue at summary judgment." M&R (#46) at 5. Thus, Judge Cayer's reference to the cases defendant cited was more than sufficient to put defendant on notice as to the cases on which such conclusion was based. Further, such conclusion is fully supported by a number of cases, including <u>Teneyuca v. Bexar County</u>, 767 F.2d 148 (5th Cir. 1985), wherein the Court of Appeals for the Fifth Circuit held that "the highly factual nature of the inquiry necessary to the determination of the 'personal staff' exception does not lend itself well to disposition by summary judgment." <u>Id.</u> at 152. That case is particularly relevant as the Teneyuca decision addressed whether assistant district attorneys were exempt in the context of a multi-factor test, cited favorably a Fourth Circuit decision, and was decided in the context of state judicial system not unlike North Carolina's system, which provides for elected DAs who appoint ADAs, who serve at their pleasure. Finally, <u>Teneyuca</u> is a case defendant cited in its supporting brief. While <u>Teneyuca</u> ultimately went in favor of finding the exemption, the court notes well the Fifth Circuit's initial hesitance to resolve such a heavily laden factual issue at summary judgment.

More importantly, Judge Cayer identified controlling case law concerning the factors federal courts consider when considering the "personal staff" exception to being an employee under Title VII. See <u>Cromer v. Brown</u>, 88 F.3d 1315, 1323 (4th Cir. 1996).

While the Cromer factors are non-exclusive,[1] they are, as Judge Cayer concluded, fact intensive and well beyond the facts that can be gleaned from the pleadings or judicially noticed under Rule 12(b)(6). While defendant contends that the factual allegations in the Amended Complaint support his argument that she was not a covered employee under Title VII, the court has reviewed those contentions and cannot yet conclude that plaintiff was on defendant's "personal staff." Plaintiff's complaint is devoid of any factual contention that would lead the court to summarily conclude that she was in the "first line of advisors" to the district attorney, such as "first" or "chief" assistant. See Smith v. Grady, 960 F.Supp.2d 735 (S.D.Ohio 2013). Indeed, there is little to indicate at this point that plaintiff was anything other than a line ADA at a satellite office of an elected DA, which is not sufficient to make the detailed factual inquiry required under prevailing law. When this issue resurfaces on summary judgment, the court will be particularly interested in office structure, including facts concerning whether there was a first assistant and what involvement plaintiff had in setting office policy.

Having considered defendant's objection, it is overruled and the recommendation is affirmed as it is fully consistent with and supported by current law

IV.

As to the recommendation concerning the defamation claim, to which no objection was filed, the court determines after a careful review that the recommendation of the

---

[1] The factors include whether: (1) promotion of the employee is solely up to the official; (2) the employee occupies a position high in the chain of command; (3) the employee has a highly intimate working relationship with the elected official; (4) the employee contributes to the making of policy decisions within the office; (5) the employee's position was created and compensated by the county pursuant to state law; (6) the employee worked for the elected official's campaign; (7) the employee worked under the direction of the official or someone else in the office, as well as (8) the full scope of the employee's duties. Cromer, 88 F.3d at 1323.

magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objection (#49) is **OVERRULED**, the Memorandum and Recommendation (#46) is **AFFIRMED,** and defendant's Motions to Dismiss (#33 & #42) are **DENIED**.

Signed: March 17, 2015

Max O. Cogburn Jr.
United States District Judge