UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00106-MOC-DSC

| | | |
|---|---|---|
| **WHITNEY NICOLE SHAFFER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **JAMES C. GAITHER JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#84). A hearing was held on December 14, 2016 regarding the Motion and the evidentiary claims included therein. Having considered the Motion and reviewed the pleadings, the court enters the following Order.

In prior Orders (#51, #62, and #75), the court denied defendant's Motions to Dismiss and for Partial Judgment on the Pleadings. In the instant Motion to Dismiss and its accompanying Memorandum (#85), defendant again contends that allegedly altered text messages constitute spoliation of evidence that merit sanction, including possible dismissal. See Memorandum (#85) at 2. The defendant argues that the plaintiff changed the name of defendant to "Walter Skinner"[1] as a pseudonym in her phone and altered this name in a relevant filing to the court.

In support of its argument, defendant cites at length to the Fourth Circuit's decision in SunTrust Mortgage, Inc. v. United Guaranty Residential Insurance Company of North Carolina, 508 Fed. App'x. 243 (4th Cir. 2013). In that case, a business found that an email had been altered and was now being used against it by another business. Unlike in SunTrust Mortgage, the court is

---

[1] "Walter Skinner" was the name of a character played by Mitch Pileggi on the long-running Fox TV show "The X-Files." Assistant Director Skinner was originally the direct supervisor of Fox Mulder and Dana Scully, the show's protagonists. The possible rationale behind the use of this character's name as it pertains to the subject matter of this lawsuit is not lost on the court as the defendant here was the plaintiff's direct supervisor.

not dealing with two sophisticated companies, but is instead dealing with parties who are all sophisticated users of the court system, attorneys. Even so, it should be noted that the parties in SunTrust Mortgage were on a generally equal bargaining position, while the parties in this case were involved in an employer-employee relationship, which is inherently unequal.

The SunTrust Mortgage court discussed the origin of a district court's ability to dismiss a case based on a party's alleged misconduct and factors that district courts should consider when considering such an action. Given the central aspect of this case to defendant's instant Motion, the court will cite the SunTrust Mortgage decision at length.

> A district court's authority to dismiss a case based on a party's misconduct derives from the court's "inherent power." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "Because the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary." *Shaffer,* 11 F.3d at 461.
>
> The Supreme Court has called dismissal "a particularly severe sanction," yet one that falls within the court's discretion. *Chambers,* 501 U.S. at 45, 111 S.Ct. 2123. This Court has recognized that dismissal may be warranted "when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer,* 11 F.3d at 462. In *Shaffer,* we identified six factors for courts to consider in determining whether dismissal is appropriate:
>
>> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

> *Id.* at 462–63. Further, we directed courts to give particular consideration to the broader policy of deciding cases on the merits. *Id.* at 463.
>
> When a party's sanctionable conduct is spoliation of evidence, to justify dismissal, the district court must "conclude either (1) that the spoliator's conduct was so egregious *255 as to amount to a forfeiture of his claim, or (2) that the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 593 (4th Cir.2001).

Id. at 254-55. In SunTrust Mortgage, the Fourth Circuit emphasized that the grant of the sanction of dismissal was severe but was within the court's discretion. Here, defendant alleges that plaintiff changed the name of the sender from "Jay Gaither" to "Walter Skinner" in text message conversations. Even if true, the alleged alteration does not rise to the level necessitating the extreme sanction of dismissal.

Indeed, the 2015 Amendments to the Federal Rules of Civil Procedure require this court to provide sanctions that are proportional to any misconduct. Under Rule 37(e)(1), the court may take action no greater than necessary to cure the prejudice resulting from the loss and under Rule 37(e)(2) allows treatment of loss under spoliation only where the party acted with an intent to deprive. Here, defendant will be allowed to fully explore the alleged document alterations in front of the jury, making the alleged alterations an issue of weight, not admissibility. It is for the jury to determine how much weight it will give to the alleged name-change. The defendant's brief also cites to case law from the First and Tenth Circuits, which, while persuasive, do not bind this court. Instead, the court adapts its reasoning from its earlier Order (#75) as these missteps again appear to be fertile ground for cross

examination, not dismissal:while any text regarding sexually explicit conversations between plaintiff Shaffer and defendant Gaither may be gone, there are at least two people (and maybe more) who know whether such texts were ever sent. Defendant will be free to examine those witnesses in front of a jury; they may deny those texts ever existed; and the jury will be free to decide whether to believe that testimony. Further, the parties will be able to explore in front of the jury the circumstances surrounding the destruction or alterations of these texts. Although the court has ruled out dismissal at this point based on the purported alteration of text messages, it has not ruled out a spoliation or modified spoliation instruction, and reserved that for consideration after it has heard the evidence at trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#84) is **DENIED**. The court does, however, reserve the right to take remedial steps at trial to remedy the harm arising from the alleged alteration of material submitted to the court. If, after trial, there appears to be evidence that there was alteration that was material and intentional, the court may revisit the requested relief upon the filing of an appropriate post-judgment motion and/or a motion at the conclusion of plaintiff's evidence.

Signed: December 16, 2016



Max O. Cogburn Jr
United States District Judge