UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00106-MOC-DSC

| | | |
|---|---|---|
| **WHITNEY NICOLE SHAFFER,** | ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| **JAMES C. GAITHER JR.,** | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on plaintiff's Motion for Reconsideration (#124) defendant's Motion to Dismiss (#119).

As to the Motion for Reconsideration, this is plaintiff's third attempt to prevent defendant from doing precisely what the Federal Rules and this Court has allowed. Indeed, Judge Cayer and this Court have clearly held that defendant's Rule 45 subpoena is not a discovery subpoena, but a trial subpoena to a third party which, if enforced, simply expedites the introduction of his own phone records at trial. Plaintiff has been unable to show this Court that such determinations are either legally or factually wrong. Further, plaintiff's attempt to quash service of the third-party subpoena is without legal support as, first, she lacks standing to challenge the sufficiency of such third-party service and, second, such service has been made in the *precise* manner requested by the third party. An argument that service is invalid where it specifically comports with the manner in which the party agreed to be served is beyond legal reason, especially in light of newly revised Rule 1, Federal Rules of Civil Procedure, which emphasizes interpreting the rules in favor of "just,

-1-

speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. The Motion for Reconsideration is denied along with the request contained therein for a continuance.

Finally, the Court has considered defendant's most recent Motion to Dismiss, which again seeks the Rule 37(e) sanction of dismissal. This time, defendant seeks dismissal because he contends that plaintiff failed to disclose text messages as evinced by his own phone records. If that allegation is true, it may well explain plaintiff's substantial efforts to prevent admission of those records as discussed above and in previous Orders. In any event, defendant contends that plaintiff destroyed eight text messages (between plaintiff and defendant) and then perjured herself in an affidavit accompanying her document disclosure. While dismissal is certainly a sanction which could be employed, the 2015 revisions to the Federal Rules of Civil Procedure emphasized that any sanction should be proportionate to the alleged misconduct. As the alleged misconduct involves the credibility of the affiant, the appropriate remedy is found in bringing the alleged falsity to light in front of a jury. The Court finds that whatever happened to plaintiff's phone (immediately before this case was filed) and to her text messages (during the course of litigation) are part of the narrative of the case and should be heard by a jury rather than summarily resolved under Rule 37(e).

The time for filing motions to dismiss, to quash, and for reconsideration is over. From this point forward, any additional motions will be dealt with at trial along with the motions in limine. With those considerations in mind, the Court emphasizes again that it believes this matter should be amicably resolved, and that such resolution should be communicated to this Court not later than 12 noon on Friday, April 14, 2017, to avoid taxation of jury costs, as trial will commence April 18.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reconsideration (#124) and defendant's Motion to Dismiss (#119) are **DENIED**.

Signed: April 5, 2017

Max O. Cogburn Jr.
United States District Judge